# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH D. STEINER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-723 |
| | ) | Chief Magistrate Judge Amy Reynolds Hay |
| PROFESSIONAL SERVICES | ) | |
| INDUSTRIES, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The Plaintiff, Joseph S. Steiner ("Steiner" or "the Plaintiff"), alleges that his former employer, Professional Service Industries, Inc. ("PSI" or "the Defendant"), discriminated against him in violation of the Americans with Disabilities Act ( "ADA"), 42 U.S.C. §§ 12101-12213, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Specifically, he contends that PSI terminated his employment as a direct result of his disability and request for accommodation, and that younger workers were hired to perform his duties. Pending is the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7). The Defendant contends that the Plaintiff's suit is time-barred because he failed to file a timely charge with the Equal Employment Opportunity Commission ("EEOC").

### Background

In order to maintain an action under the ADA or the ADEA, a Plaintiff is required to file a charge with the EEOC within 300 days of the allegedly unlawful practice. 29 U.S.C. 626(d)(2); 42 U.S.C. §2000e-5(e)(1). The relevant 300 day period began to run on the date of Steiner's termination, January 31, 2007, meaning that he was required to file a charge with the EEOC on or before November 28, 2007. Attached to the Defendant's Motion are exhibits showing that the EEOC issued a Notice of Charge of Discrimination on December 5, 2007 (Doc. 7. Ex. A), and that a Charge of Discrimination based on age and disability was signed and filed with the EEOC by Steiner on December 6, 2007 (Doc. 7 Ex. B). Based on these exhibits, the Defendants contend that Steiner's claims were untimely and

should be dismissed.

In his Response (Doc. 12) , Steiner refers to - and has attached as an exhibit - an unsigned letter dated August 16, 2007, written by his attorney to the EEOC requesting dual filing of age and disability claims.  The letter reads in part: "Consider this [Steiner's] signed and dated charge.  Enclosed are his intake documents.  Prepare your charge document and contact my client directly to expedite processing." The Plaintiff also alleges that, on November 28, 2007, when he had not heard from the EEOC, he sent them a reminder of his request for dual finding.  Steiner has not provided documentation of this communication.

According to Steiner, the delay in the official filing of his charge and in the EEOC's issuance of a notification of charge is attributable to that agency, since his charge was complete and timely based on the August 2007 letter.  The EEOC "never contacted Plaintiff about any problem . . . The EEOC always acted as if the Charge of August 16, 2007 was submitted appropriately and Plaintiff must not be made to bare [sic] the burden of any defect, if any [sic]."  (Doc. 12 at 3).  Steiner also contends that the Defendant's submissions to the Court "are incomplete and do not represent Plaintiff's full submissions to the [EEOC]," and that dismissal is premature pending development of the evidentiary record.  Id.

**Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This tenet - that the court must accept as true all of the allegations contained in the complaint - "is inapplicable to legal conclusions."  Id. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  (citing Twombly, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  at 1949 (citing Twombly, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Fed. R. Civ. P.

2

8. <u>Id.</u> at 1950.

**<u>Discussion</u>**

Under regulations governing claims made under the ADA or the ADEA, "when the [EEOC] receives from the [claimant] a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of," a charge is sufficient.  29 C.F.R. § 1601.12(b); <u>see</u> <u>also</u> <u>id.</u> §§ 1626.8(b), 1626.6.  Recently, in <u>Fed. Exp. Corp. v. Holowecki</u>, the Supreme Court discussed the requisites of a valid charge under the ADEA, holding:

> In addition to the information required by the regulations,  <u>i.e.</u>, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

128 S.Ct. 1147, 1157-58 (2008).  <u>See</u> <u>also</u> <u>Holender v. Mut. Indus. N. Inc.</u>, 527 F.3d 352 (3d Cir. 2008) (recognizing and applying rule in <u>Holowecki</u> to find intake questionnaire sufficient to constitute charge).

Because the regulations construed in <u>Holowecki</u> are the same under the ADA and the ADEA, the Court finds that the holding in <u>Holwecki</u> applies in assessing whether a plaintiff's filing is adequate to constitute a charge applies to filings under either Act.  The letter dated August 16, prepared by Steiner's attorney is sufficient to meet the <u>Holowecki</u> requirement in that it clearly constituted a request that the EEOC "take remedial action to protect [his] rights."  <u>Holowecki</u>, 128 S.Ct. at 1158.  What is not as clear, however, is that this letter was ever sent to or received by the EEOC.  Although the Court can say that the letter was sufficient to constitute a charge it cannot, based on the record as it stands, conclude that the charge was timely.

Because the Plaintiff has set out a plausible claim for relief, the Court will deny the Defendant's Motion to Dismiss (Doc. 7).  It will, however, do so without prejudice to the Defendant's ability to renew its Motion or to request summary judgment with respect to the Plaintiff's claims should the Plaintiff fail to establish that the letter was "filed" with the EEOC within the limitations period. The Plaintiff will be required to make this showing at or prior to the initial case management

3

conference on October 15, 2009 at 9:30 a.m.

An appropriate Order follows.


/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge


Dated:  8 September, 2009




cc:      Counsel of Record via CM/ECF